### LARABEE ET AL. V. TRACY.

In a prosecution upon the statute for damages done in the night season, the allegations must be direct and positive.

ERROR to reverse a judgment of the County Court in a prosecution qui tam upon the statute against night walking; brought by Tracy against Larabee et al. in which he declares that on a certain night he had a quantity of pears taken from him and that he suspects that said Larabee et al. did the facts. Plea — Not guilty. Judgment — That they are guilty.

Larabee et al. v. Tracy.

Error assigned — That the complaint is insufficient and contains no direct charge against the defendants.

Judgment — Manifest error. DYER, J., dissented. The mischief which the statute designed to remedy, was the difficulty in getting proof of disorders committed in the night season. The remedy it provides is to admit a well-grounded suspicion to come in the place of positive proof. The statute creates no new crime, nor marks out any new mode of process, for these were not needed; but makes that to be evidence which without the statute could not be. In this case the defendants are not charged nor convicted of having committed any disorders — but only of having been suspected by the plaintiff of having taken his pears.

In prosecutions of this nature, it is necessary that the information be grounded upon the statute; that the facts be charged directly and positively to have been done and committed in the night season; and four things are necessary to constitute the proof. 1st. That the disorders be actually committed in the night season. 2d. Some circumstances which point out the defendant rather than any other person. 3d. The complaint must be speedily made, that the defendant may be able to recollect and show where he was at the time when the facts are laid to have been committed. 4th. The defendant not being able under these circumstances, to give a satisfactory account of where he was and that he had no hand in doing the facts, will furnish pretty safe grounds to convict upon and raise a strong presumption of his guilt.

The same point was adjudged upon a writ of error at Litchfield, August A. D. 1774, between Bull and Kehore, in a prosecution upon the same statute.

This judgment was affirmed in the Supreme Court of Errors.